IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BRANDON EARL FIELDS, # 84806**                      **PETITIONER**

v.                          **CAUSE NO. 1:15CV345-LG-RHW**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, SOUTH
MISSISSIPPI CORRECTIONAL
INSTITUTE, MARSHALL FISHER,
JACQUELINE BANKS, WARDEN
TURNER, CAPTAIN DAVIS,
CAPTAIN JOHNSON, LIEUTENANT
SMITH, OFFICER CLARK, JOHN
DOES 1-2, and JANE DOES 1-2**                          **RESPONDENTS**

<u>**MEMORANDUM OPINION AND ORDER OF DISMISSAL**</u>

BEFORE THE COURT is *pro se* Petitioner Brandon Earl Fields's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He is incarcerated with the Mississippi Department of Corrections, and he challenges two Rule Violation Reports ("RVRs"). The Court has considered and liberally construed the pleadings. As set forth below, this case is dismissed without prejudice.

**FACTS AND PROCEDURAL HISTORY**

On July 8, 2015, Fields filed a Complaint in civil action number 1:15cv241-HSO-JCG. He challenged the conditions of his confinement and two disciplinary convictions, one dated May 6, 2015, for disobeying an officer, and one dated July 2, for assaultive action on a prison employee. As for the disciplinary convictions (RVRs), Fields claimed that he was convicted in violation of his right to due process.

Besides requesting money and injunctive relief, Fields asked that "all lost time be returned to" him. (Dkt. 2 at 4).

Because Fields presented both 42 U.S.C. § 1983 and habeas claims, the habeas claims, seeking restoration of sentence credits, were severed and opened in the instant civil action on October 16, 2015. Magistrate Judge Robert H. Walker then ordered Fields to amend his Petition.

On October 30, 2015, Fields responded to the Court's Order. Fields alleges that the first RVR resulted in lost privileges for one month. On the second RVR, he was sentenced to two months of lost privileges and six months loss of trusty status. However, he was later told that the second RVR was dismissed and so he was never actually taken out of trusty status. Fields now claims that the second RVR did lead to his recent denial of parole. He denies however that this "lawsuit is . . . about a[n] early release from prison. . . ." (Dkt. 15 at 5). In his Amended Petition, he claims that, "this case is not about me being held in violation of the Constitution. This case is about the staff at [South Mississippi Correctional Institution] . . . lying on a[n] official document to take my earned time, and denying my right to due process in the R.V.R. hearing." (Dkt. 16 at 5).

Fields alleges that he has completed his administrative remedies and is currently challenging both RVRs in the Circuit Court of Greene County, Mississippi.

## DISCUSSION

It is unclear whether Fields is still seeking expedited release from detention.

On the one hand he denies that this case is about early release, on the other hand he says he was denied parole and that this case is about staff lying in order to take his earned time away. If Fields no longer seeks habeas relief, then the claims should be dismissed without prejudice.

If Fields does seek immediate or expedited release, he must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A). This gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to exhaust Fields's state remedies, he is required to present the claim to the highest court in the State. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The only attempts at exhaustion he describes are with the Circuit Court of Greene County, where his claims are still pending. Therefore, this case is alternatively dismissed without prejudice for failure to exhaust.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this case should be and is hereby **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE